[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12 and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Andre Dixon appeals his convictions for nonsupport of two dependents in violation of R.C. 2919.21(A)(2). Dixon had entered pleas of guilty to these offenses. The trial court imposed a sentence of eleven months' incarceration for each offense, to be served concurrently.
{¶ 3} Pursuant to Anders v. California,[1] Dixon's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Dixon's appeal.[2] Appellate counsel has advised Dixon that he has not found any prejudicial errors and has filed a motion to withdraw as counsel.[3]
{¶ 4} Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous.[4]
Based on our review of the record, we hold that it is devoid of prejudicial error. The record reflects that the trial court ensured that Dixon's pleas were made knowingly and voluntarily pursuant to Crim.R. 11(C). The principles of double jeopardy were not applicable here, because he was charged with nonsupport of two different dependents. Further, Dixon is not entitled to appeal the imposition of his prison term because, pursuant to R.C. 2953.08(A)(2), the trial court found that he had previously served a prison term.[5] As there are no grounds to support a meritorious appeal, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is overruled.
{¶ 5} Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Dixon because he is indigent.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Gorman, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals. As of this writing, theAnders procedure is still followed in Ohio. See State v. Lachner (Feb. 25, 2000), 6th Dist. No. S-98-049.
[3] See Anders, supra, at 744.
[4] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.
[5] See State v. Riley, 1st Dist. No. C-010221, 2001-Ohio-4029, appeal not allowed (2002), 94 Ohio St.3d 1507, 764 N.E.2d 1037.